O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| TRITON PACIFIC CAPITAL PARTNERS, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>OLGA OVODENKO et al.,<br><br>    Defendants. | Case № 2:23-cv-04483-ODW (Ex)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [14]** |

## I. INTRODUCTION

This action for declaratory relief is now the third case that Plaintiff Triton Pacific Capital Partners, LLC has brought before this Court in an effort to resolve a business dispute with Defendants Olga Ovodenko and Old City Securities, LLC. It is also the last of the three actions that remains active in federal court.[1] Defendants now move to dismiss this action under the *Wilton/Brillhart* and *Colorado River* doctrines, or in the alternative to stay the case pending the resolution of the remanded state action. (Mot. Dismiss ("Motion" or "Mot."), ECF No. 14.) For the following reasons, the Court **GRANTS** Defendants' Motion and **DISMISSES** this case.[2]

---

[1] *See* discussion of related cases *infra* Part II.B.

[2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

### A. Factual Background

On January 25, 2018, Triton Pacific "engage[d] Old City, an SEC-registered broker-dealer, on a non-exclusive basis to introduce investors and joint venture partners to Triton Pacific for the purpose of enabling Triton Pacific to manage the assets of such investors as joint venture partners." (Compl. Ex. A ("Placement Agreement"), ECF No. 1.) According to the Placement Agreement, Ovodenko was the "key contact for Triton Pacific" and the individual "primarily responsible" for the services that Old City rendered to Triton Pacific. (*Id.* § (a)(ix).) In exchange for Old City's services, Triton Pacific promised to pay a "Solicitation Fee" based on the amount of investments raised by Triton Pacific from investors that Ovodenko introduced to Triton Pacific. (*Id.* § (b).) "[F]or the first $200 million of Investments," the Solicitation Fee equals "two percent (2.0%) of the amount of each such Investment or portion thereof." (*Id.*)

### B. Related Actions

On April 10, 2023, after a payment dispute between the parties, Ovodenko filed her first complaint against Triton Pacific and Joseph Davis (Triton Pacific's managing director) in Los Angeles Superior Court, Case No. 23STCV07759 ("First Action"). (Compl. ¶ 3.) Triton Pacific and Davis removed the First Action to this Court—Case No. 2:23-cv-3715-ODW (Ex)—on the basis that Section 15(a)(1) of the Securities Exchange Act of 1934 renders the Placement Agreement unlawful and void. (*Id.* ¶¶ 10–16.) On June 5, 2023, after the deadline for Triton Pacific and Davis to respond to Ovodenko's complaint in federal court had passed and the Court ordered Ovodenko to show cause for lack of prosecution, Ovodenko dismissed the First Action without prejudice and refiled the case in state court, this time as Case No. 23STCV12880 ("Second Action").

In the Second Action, Old City and Ovodenko assert six causes of action arising out of the same business dispute that underlies this action: (1) breach of contract,

(2) breach of implied-in-fact contract, (3) fraudulent inducement, (4) intentional misrepresentation, (5) negligent misrepresentation, and (6) unjust enrichment.  Triton Pacific and Davis again removed the case to federal court—Case No. 23-cv-5773-ODW (Ex)—and again raised the argument that the illegality of the Placement Agreement under the Exchange Act necessarily raises a substantial federal issue.  On January 29, 2024, the Court remanded the Second Action back to Los Angeles Superior Court.

## C.     This Action

Finally, on June 7, 2023, two days after Ovodenko and Old City filed the Second Action in state court, Triton Pacific filed this declaratory judgment action in this Court.  (*See* Compl.)  Triton Pacific amended its Complaint on September 11, 2023.  (First Am. Compl. ("FAC"), ECF No. 12.)  In its FAC, Triton Pacific seeks a judicial declaration that (1) Triton Pacific has no contractual obligation under the Placement Agreement to pay Solicitation Fees to Ovodenko or Old City, and (2) the federal securities laws and FINRA rules prohibit payment of Solicitation Fees to Ovodenko and Old City.  (*Id.*, Prayer for Relief.)  Triton Pacific also seeks an order rescinding the Placement Agreement.  (*Id.* ¶ 73.)

## III.     LEGAL STANDARD

Although courts "usually avoid duplicative litigation when similar cases are pending in two different *federal* courts, '[g]enerally as between state and federal courts, the rule is that the pendency of an action in the *state* court is no bar to proceedings concerning the same matter' in a federal court."  *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 974–75 (9th Cir. 2011) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  However, two doctrines provide "exceptions to the general rule concerning concurrent state and federal proceedings": the *Wilton/Brillhart* doctrine and the *Colorado River* doctrine.  *Id.* at 974.

## IV. DISCUSSION

As a preliminary matter, the Court has original jurisdiction over this action. First, federal district courts have jurisdiction where an action arises under federal law. 28 U.S.C. § 1331. Triton Pacific's four causes of action seeking declaratory relief arise under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Furthermore, federal district courts also have jurisdiction where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Here, Triton Pacific is a citizen of California, whereas Ovodenko and Old City are alleged to be citizens of Florida and New York, respectively. (*See* FAC ¶¶ 19–21.) The amount in controversy also exceeds $75,000. (*Id.* ¶ 24.) Accordingly, the Court has subject matter jurisdiction over this action.

However, the *Wilton/Brillhart* doctrine—which applies to Triton Pacific's claims seeking declaratory relief—gives a court discretion to dismiss a federal declaratory judgment action when the "questions in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Furthermore, the *Colorado River* doctrine—which applies to Triton Pacific's claim seeking rescission of the Placement Agreement—allows a court, in limited circumstances, to dismiss or stay an action over which it may otherwise have original jurisdiction. The Court considers each doctrine in turn.

### A. The *Wilton/Brillhart* Doctrine

"[A] district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding." *R.R. St.*, 656 F.3d at 975 (quoting *Brillhart*, 316 U.S. at 495). "[A] district court may decline to entertain a federal declaratory judgment action when state court proceedings 'present [] opportunity for ventilation of the same state law issues.'" *Id.* (alteration in original). That discretion is not, however, "unfettered." *Gov't Emps. Inc. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).

"If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Id.* at 1225. Here, Ovodenko and Old City filed the Second Action on June 5, 2023. Therefore, at the time Triton Pacific filed this action on June 7, 2023, there was a parallel state proceeding involving the same issues and parties. Thus, the presumption applies that the entire dispute should be heard in state court. However, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Id.* (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991).

The nonexclusive "philosophic touchstone" for a district court's decision to exercise jurisdiction are the following factors set forth in *Brillhart*: (1) avoidance of unnecessary determinations of state law; (2) discouragement of forum shopping; and (3) avoidance of duplicative litigation. *Id.* Further relevant considerations include, but are not limited to, whether the action will "serve a useful purpose in clarifying the legal relations at issue" and whether a declaratory action "will result in entanglement between the federal and state court systems." *Id.* (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 n.5 (9th Cir. 1994)).

The Court evaluates each of the *Brillhart* factors in turn. First, considering the need for the "avoidance of unnecessary determinations of state law," the issue underlying this declaratory judgment action is the definition of the contractual rights between the parties. Specifically, Triton Pacific seeks a declaration that federal law prohibits Ovodenko and Old City from pursuing their breach of contract claim. Through the adjudication of the Second Action, the Los Angeles County Superior Court is considering this exact same issue. Therefore, the interests of comity, consistency, and judicial economy render it unnecessary for this Court to resolve the same issues before the state court. The Court finds that this factor weighs in favor of dismissal.

Next, the Court considers the need to discourage forum shopping. It is true that "the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III," despite the common characterization of such conduct as "forum shopping." *First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 163 (9th Cir. 1997). However, Triton Pacific's conduct here goes further than merely exercising its constitutional right to a federal forum. Triton Pacific removed the First Action to federal court, but rather than pursue litigation there, it failed to timely answer Ovodenko's complaint. After the Court ordered Ovodenko to show cause why it should not dismiss the First Action in light of Triton Pacific's effective default, Ovodenko dismissed the First Action without prejudice and refiled the case in state court. Triton Pacific then *again* removed the Second Action on the basis of a federal defense, which does not give rise to federal jurisdiction, causing this Court to remand the Second Action back to Los Angeles Superior Court. In light of Triton Pacific's litigation conduct in the First and Second Actions, the Court finds that this factor also weighs in favor of dismissal.

The third *Brillhart* factor asks the Court to consider the need for the "avoidance of duplicative litigation." Here, the judicial declarations that Triton Pacific seeks—that (1) Triton Pacific has no contractual obligation under the Placement Agreement to pay Solicitation Fees to Ovodenko or Old City, and (2) the federal securities laws and FINRA rules prohibit payment of Solicitation Fees to Ovodenko and Old City—will be wholly resolved by the resolution of the Second Action recently remanded to state court. In contrast to this purely declaratory action, the Second Action is more expansive and would not be wholly resolved by this action, for it also includes claims for breach of implied-in-fact contract, fraudulent inducement, intentional misrepresentation, negligent misrepresentation, and unjust enrichment. Considering that the Second Action would necessarily need to proceed even if the Court wholly adjudicated this declaratory judgment action, the interest of the "avoidance of duplicative litigation" strongly weighs in favor of dismissal.

Therefore, having considered the above factors, as well as the relevant doctrines of comity and federalism, the Court finds the questions in controversy underlying Triton Pacific's demands for declaratory judgment here are better resolved in the state court's adjudication of the Second Action.

## B. The *Colorado River* Doctrine

For Triton Pacific's remaining claim for rescission, the Court applies the *Colorado River* doctrine, which is "stricter 'than the flexible abuse of discretion standard used in other areas of law' because 'discretion must be exercised within the narrow and specific limits prescribed by the [*Colorado River*] doctrine.'" *R.R. St.*, 656 F.3d at 973 (alteration in original) (quoting *Holder v. Holder*, 305 F.3d 854, 863 (9th Cir. 2002)). Triton Pacific claims that they are entitled to "an order rescinding the Placement Agreement, and for the cost of attorneys' fees required to invalidate the Placement Agreement." (Compl. ¶ 73.)

"Because claims of . . . rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action." *Dizol*, 133 F.3d at 1225 n.6. The limited exception to this obligation is found in *Colorado River*, which employs the following eight factors for assessing a dismissal or stay:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St.*, 656 F.3d at 978–79. Before declining to exercise its jurisdiction, a district court is required to "find exceptional circumstances" exist to merit such an action. *Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1159 (9th Cir. 2012); *see also Am. Int'l*

1  *Underwriters (Phil.), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1256 (9th Cir. 1988)
2  ("[T]he district court judge in this case must have exercised discretion within the
3  'exceptional circumstances' limits of the *Colorado River* abstention doctrine.").

4        Here, several factors support the conclusion that this case is an exceptional
5  circumstance meriting abstention. First, if the Court were to continue with the
6  adjudication of this action, it would doubtlessly result in significant piecemeal
7  litigation. *See Am. Int'l Underwriters (Phil.)*, 843 F.2d at 1258 ("Piecemeal litigation
8  occurs when different tribunals consider the same issue, thereby duplicating efforts
9  and possibly reaching different results."). As discussed previously, the remanded state
10 action, which wholly incorporates the issues underlying Triton Pacific's rescission
11 claim, is vastly more comprehensive and includes claims of breach of implied-in-fact
12 contract, fraudulent inducement, intentional misrepresentation, negligent
13 misrepresentation, and unjust enrichment. Retaining this action would necessarily
14 result in the risk of inconsistency and the duplication of judicial efforts.

15       Next, the Court considers that Triton Pacific filed this action merely as a
16 reactive response to Defendants' filing the Second Action in Los Angeles County
17 Superior Court. This impacts two *Colorado River* factors: the order in which the
18 courts assumed jurisdiction and the desire to avoid forum shopping. Courts must view
19 the order of assumed jurisdiction "in a pragmatic, flexible manner with a view to the
20 realities of the case at hand." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
21 460 U.S. 1, 21 (1983) (giving little weight to the dates of filing when the same relative
22 progress had been made in the state and federal proceedings). Although the Court
23 gives some weight to the fact that Defendants were first to file their Second Action,[3]
24 this weight is relatively negligible. Forum shopping, on the other hand, weighs more
25 in favor of declining jurisdiction. "To avoid forum shopping, courts may consider 'the

---

[3] Although Ovodenko's First Action is less relevant for the purposes of the *Colorado River* analysis because it does not presently constitute an ongoing parallel state action, the Court nevertheless recognizes that Ovodenko filed the First Action in April 2023, almost two months before Triton Pacific filed this instant action.

vexatious or reactive nature of either the federal or the state litigation.'" *R.R. St.*, 656 F.3d at 981 (quoting *Moses H. Cone*, 460 U.S. at 17 n.20). As described previously, Triton Pacific removed Ovodenko's First Action to federal court, where Triton Pacific promptly missed its first deadline, triggering the Court's order to show cause and Ovodenko's dismissal of the First Action and refiling of the Second Action in state court. Triton Pacific again removed the now Second Action to federal court, on the improper basis of a federal defense, and this Court has since remanded the Second Action back to state court. Rather than litigate the present dispute in the existing action there, Triton Pacific initiated yet a third action, this declaratory relief action, in federal court. This conduct demonstrates that the desire to avoid forum shopping further weighs in favor of abstention.

The final factor, and the one that most clearly urges abstention here, is whether the state court proceeding sufficiently parallels the federal proceeding. Here, the Ninth Circuit requires only that "the two actions must be 'substantially similar.'" *R.R. St.*, 656 F.3d at 982 (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)). The Court has no doubts that the state court's adjudication of the Second Action would fully resolve Triton Pacific's rescission claim and serve as a "comprehensive disposition of litigation." *R.R. St.*, 656 F.3d at 982 (quoting *Colorado River*, 424 U.S. at 817). "The *Colorado River* doctrine promotes 'wise judicial administration,'" *id.*, and, considering that Triton Pacific could have brought the claim for rescission in the state court proceeding, the interest of wise judicial administration renders this action an "exceptional circumstance."

Having determined that this case is an exceptional circumstance that merits abstention, the Court has the discretion to either dismiss or stay this action. The Court finds that staying the action pending the resolution of the underlying remanded state court action would only result in the delay of justice and significantly hinder the interests of judicial economy. The Court will therefore dismiss this action.

### C. Sanctions

Finally, Defendants request that, pursuant to 28 U.S.C. § 1927, the Court award them fees and costs incurred as a result of Triton Pacific's "bad faith filing of a duplicative and harassing action." (Mot. 18–20.) "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. In support of their motion for sanctions, Defendants point to (1) Triton Pacific filing this federal action, (2) removing both the First and Second Actions that Defendants filed in state court, and (3) filing a First Amended Complaint that added a claim for rescission.

As a preliminary matter, the Court agrees with Ovodenko that Triton Pacific has needlessly multiplied this litigation vexatiously by removing the First Action, not defending it, removing the Second Action, and then filing a third separate action rather than asserting counterclaims in the Second Action. However, several mitigating factors yield sanctions inappropriate in this case. First, the Court acknowledges that there is an independent basis for federal jurisdiction over this action, and an "exceptional circumstance" was required for Defendants to succeed in their motion to dismiss under the *Colorado River* doctrine. The Court also finds that there is reasonable merit in Triton Pacific's argument for why this case should not be dismissed. Therefore, the Court cannot conclude that Triton Pacific's conduct was objectively unreasonable, vexatious, and in bad faith. Defendants' request for sanctions is **DENIED**.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss **WITHOUT PREJUDICE**. (ECF No. 14.) All dates and deadlines are **VACATED**. The Clerk of the Court shall close this case.

**IT IS SO ORDERED.**

January 30, 2024

                                              **OTIS D. WRIGHT, II**
                                 **UNITED STATES DISTRICT JUDGE**